United States Court of Appeals
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-3114
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Harry Lee Michelsen, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: January 13, 1998

Filed: April 13, 1998
_____

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT and WOLLMAN, Circuit
Judges.
_____

WOLLMAN, Circuit Judge.

Harry Lee Michelsen appeals from an order by the district court[1] dismissing the appeal from his sentence based upon Michelsen's waiver of appellate rights pursuant to a plea agreement. We affirm.

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

**I.**

Michelsen was charged with failure to pay past due child support in violation of the Child Support Recovery Act (CSRA), 18 U.S.C. § 228 (1992). He retained private counsel and consented to have his case heard by a United States Magistrate Judge. A plea agreement was soon reached. The agreement included the following provisions:

1. ACKNOWLEDGMENT AND WAIVER OF RIGHTS AND UNDERSTANDING OF MAXIMUM PENALTIES: The defendant agrees that he has been fully advised of his statutory and constitutional rights herein, and that he has been informed of the charges and allegations against him and the penalty therefor, and that he understands these rights, charges and penalties. The defendant further agrees that he understands that by entering a plea of guilty as set forth hereafter, he will be waiving certain statutory and constitutional rights to which he is otherwise entitled.

2. PLEA AGREEMENT PROCEDURE - NO RIGHT TO WITHDRAW PLEA IF COURT REJECTS RECOMMENDATION: The United States and the defendant agree that this Plea Agreement is presented to the Court pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure, which provides, among other things, that the government will make a recommendation or agree not to opposed [sic] the defendant's request for a particular sentence, but that SUCH RECOMMENDATIONS ARE NOT BINDING ON THE COURT and that the DEFENDANT MAY NOT WITHDRAW HIS PLEA OF GUILTY if the Court rejects such recommendations.

. . . .

4. . . . Further, the United States will recommend a period of incarceration of 6 months, that the period of incarceration shall be suspended and defendant placed on supervised probation for a period of 5 years during which period the defendant shall make any required child support arrearages payments as ordered by the Court. Failure to make the

required payments may result in imposition of the court's sentence of incarceration. . . .

. . . .

6. WAIVER OF DEFENSE AND APPEAL RIGHTS: Defendant hereby waives any right to raise and/or appeal and/or file any post-conviction writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution and to the Court's entry of judgment against defendant and imposition of sentence under 18 U.S.C. § 3742 (sentence appeals).

Plea Agreement at 1-4 (emphasis in original). The agreement, dated February 28, 1997, was signed by both Michelsen and his attorney.

At a hearing commenced that same day, the magistrate judge[2] accepted the plea agreement as negotiated. During the hearing, the following exchange occurred:

THE COURT: Um, I'm going to hand to your counsel three documents and you can just keep them there for the moment. First we have a petition to enter a plea of guilty of — which purports to contain your signature on that document. Is that your signature on the next to the last page of that document?

MR. MICHELSEN: Yes, Your Honor, it is.

THE COURT: And in filling out this petition, who filled out the petition? Is it you or your attorney's handwriting on the petition?

MR. MICHELSEN: My attorney filled it out for me.

---

[2]The Honorable Thomas D. Thalken, United States Magistrate Judge for the District of Nebraska.

-3-

THE COURT: And did he — did he fill it out in accordance to your instructions as to how you answered it?

MR. MICHELSEN: Yes, Your Honor.

THE COURT: And those are the answers that you gave?

MR. MICHELSEN: Yes, Your Honor.

THE COURT: Okay. Then we have a plea agreement which is four pages and it purports to have your signature on Page 4. Is that your signature on Page 4?

MR. MICHELSEN: Yes, Your Honor.

THE COURT: Okay. And then we have a factual basis statement which is three pages but on the second page it purports also to have your signature. Is that your signature on there?

MR. MICHELSEN: Yes, Your Honor.

THE COURT: Did anybody force or threaten or coerce you to sign any of these documents?

MR. MICHELSEN: No, Your Honor.

Transcript of Hearing on Arraignment at 3-4. And later:

THE COURT: Now, you're offering to plead pursuant to the plea agreement. We have the plea agreement which you've indicated your signature on there. [Addressing the Government], would you summarize the plea agreement for the Court?

[THE GOVERNMENT]: Yes, Your Honor. The plea agreement is a four-page document which the Defendant in this case and the United States agree to certain terms. Among them is that the Defendant will plead guilty to the charge in the one count Information. In exchange for

that, the — the Government will make a recommendation to the Court regarding the sentence to be imposed in this case; although, the agreement indicates that that is a non-binding recommendation. The Government is recommending in this case that a term of imprisonment not be imposed and that the — rather that a period of incarceration of six months be imposed but that it be suspended and that the Defendant be placed on supervised probation for a period of five years during which time he would make any child support arrearages payments that are ordered by the Court. . . .

> THE COURT: Are there any other provisions in the plea agreement?
>
> [THE GOVERNMENT]: There — there — there are others that are in the plea agreement, Your Honor, but I think those are the main points.
>
> THE COURT: Is that your understanding, Mr. Michelsen, with regard to the plea agreement?
>
> MR. MICHELSEN: Yes, Your Honor.
>
> THE COURT: You understand that the Government is going to make a recommendation in this matter with regards to the sentence but that recommendation will not be binding upon the Court? Do you understand that?
>
> MR. MICHELSEN: I understand that, Your Honor.
>
> THE COURT: That I can reject that and impose — theoretically impose the maximum punishment that could be imposed, as I previously indicated to you?
>
> MR. MICHELSEN: Ultimately it's your decision to make.

Transcript of Hearing on Arraignment at 9-11. No explicit reference was made during the hearing to the provision in the plea agreement by which Michelsen waived his right to appeal his sentence.

-5-

Thereafter, the magistrate judge granted a motion by Michelsen's counsel for permission to withdraw. Michelsen subsequently waived his right to counsel and proceeded pro se. At the sentencing hearing, the government made the following recommendation:

> [THE GOVERNMENT]: Thank you. Your Honor, the Government does not believe that a period of incarceration is currently required for the Defendant. The — the desire of the Government would be for this individual to obtain employment that would result in his ability to earn income that could be then sent to the victims of this crime. The Government believes this is a crime to his victims who are — were expecting this money for many years. So the Government would ask that pursuant to the plea agreement that a term of imprisonment be imposed but in a — suspended during the course of a five-year period of probation.

Transcript of Sentencing Hearing at 10-11.

Ultimately, the court rejected the government's recommendation and sentenced Michelsen to imprisonment for six months, restitution in the amount of $89,420.64, and a special assessment of ten dollars. After imposing sentence, the court made the following statement:

> THE COURT: Mr. Michelsen, you're advised that you may appeal this sentence within ten days after the filing of the judgment in this matter. That will probably happen within the next day or so. When that is filed you will have ten days to appeal that sentence to one of the judges of the United States District Court.

Transcript of Sentencing Hearing at 20. The government made no objection to this statement at the time. The written judgment contained the following provision:

> Following the imposition of sentence, the court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and

the provisions of 18 U.S.C. § 3742(a) and that such Notice of Appeal must be filed with the clerk of this court within ten (10) days of this date.

United States v. Harry Lee Michelsen, No. 8:96CR129-1 (D. Neb. May 13, 1997) Judgment at 6 (Statement of Reasons for Sentence).

In his appeal to the district court, Michelsen challenged both the constitutionality of the Child Support Recovery Act and the sentence imposed by the magistrate judge. Rather than addressing the merits, the district court granted the government's motion to dismiss the appeal with prejudice, holding that Michelsen had validly waived his appellate rights. See Memorandum Opinion and Order at 2-3 (D. Neb. July 21, 1997). Michelsen now seeks relief from the district court's order of dismissal.

## II.

The Constitution makes no assurances regarding the right of a criminal defendant to appeal his conviction or sentence; such a right is "purely a creature of statute." United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992) (citing Abney v. United States, 431 U.S. 651, 656 (1977)); see 18 U.S.C. § 3742; 28 U.S.C. § 1291. It is well settled that a procedural right, whether constitutionally derived or grounded in statute, may be waived by a criminal defendant. See United States v. Garrido, 995 F.2d 808, 814 (8th Cir. 1993); Rutan, 956 F.2d at 829. "Accordingly, a defendant who pleads guilty and expressly waives the statutory right to raise objections to a sentence may not then seek to appeal the very sentence which itself was part of the agreement." Rutan, 956 F.2d at 829; see also United States v. His Law, 85 F.3d 379 (8th Cir. 1996) (per curiam) (defendant's promise as part of plea agreement not to appeal his sentence held binding). Any waiver of the right to appeal, however, must be the result of a knowing and voluntary decision. See Rutan, 956 F.2d at 829.

Issues concerning the interpretation and enforcement of a plea agreement are issues of law reviewed de novo. See United States v. Van Thournout, 100 F.3d 590, 594 (8th Cir. 1996). Michelsen does not dispute that his written plea agreement contains a clear and express waiver of the right to appeal both his conviction and his sentence. Our review, therefore, is limited to whether Michelsen's decision to bind himself by the provisions of this agreement was knowing and voluntary. See Rutan, 956 F.2d at 829. We look to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant willfully agreed to its terms. See Lindner v. Wyrick, 644 F.2d 724, 728 (8th Cir. 1981) ("Voluntariness is determined by factors at the time of the plea."). Such circumstances may include "the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

Michelsen does not dispute that he signed the plea agreement. He does not dispute that he was represented by competent counsel at that time. He makes no complaint that the assistance provided by his privately retained counsel was ineffective. He does not contend that he was coerced to enter into the plea or that it was the product of duress. He makes no assertion that he was misled as to the nature of the agreement. He does not profess that he did not understand its provisions, including the clear, bold-faced waiver of appellate rights. He has not suggested that he was incapacitated or incompetent at the time, or that he was physically or mentally incapable of either comprehending the agreement or knowingly assenting to its terms.

Instead, Michelsen's challenge to the validity of his waiver rests upon three arguments. First, Michelsen contends that because the magistrate judge did not engage him in an explicit discussion regarding his waiver of appellate rights during the Rule 11 colloquy at his plea hearing, his waiver cannot be considered knowing and voluntary. We do not agree. Although it might have been preferable for the court to have conducted a colloquy with Michelsen regarding his waiver of appeal, such a dialogue is not a prerequisite for a valid waiver of the right to appeal. See, e.g., United

States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995); United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir. 1992); United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994); Davis, 954 F.2d at 186; but see United States v. Bushert, 997 F.2d 1343, 1351 (11th Cir. 1993) (concluding that in most circumstances, for sentence appeal waiver to be knowing and voluntary, district court must have specifically discussed sentence appeal waiver with defendant during Rule 11 hearing).

The record establishes that Michelsen, who turned fifty shortly after his sentencing, is a competent, articulate high school graduate with military service, managerial experience in the private sector, and prior experience in the criminal justice system. His attorney of choice negotiated the agreement to which Michelsen gave his assent. Michelsen and his attorney possessed a copy of the signed agreement at the plea hearing. Michelsen's statements at the hearing indicate that he fully understood the finality of his decision to plead guilty and that the agreement was in complete accordance with his prior understanding; that it was, in fact, the bargain to which he had agreed. In light of these circumstances, we conclude that Michelsen's decision to waive his appellate rights was knowing and voluntary.

Next, Michelsen contends that the magistrate judge's statement at the sentencing hearing indicating that Michelsen had the right to appeal, as well as similar language contained in the written judgment, should negate the waiver. In support of this argument, Michelsen relies on United States v. Buchanan, in which the Ninth Circuit held, in circumstances somewhat similar to these, that the district court's oral pronouncement of a right to appeal should control, rendering the defendant's waiver of appellate rights unenforceable. 59 F.3d 914, 917-18 (9th Cir. 1995).

Assuming that we would be free to do so, we decline to adopt the reasoning of Buchanan. Any statement by the court at the sentencing hearing could not have affected Michelsen's decision, made nearly three months earlier, to plead guilty and waive his appellate rights. See United States v. Melancon, 972 F.2d 566, 568 (5th Cir.

1992) (fact that, four months after defendant pled guilty pursuant to agreement waiving his right to appeal, court told him at sentencing that he had right to appeal his conviction and sentence did not allow defendant to appeal and did not affect determination that his waiver was voluntary, knowing, and permissible). Michelsen's apparent later belief -- based upon events that occurred after his sentence was imposed -- that he might be allowed to escape from his commitments, is irrelevant to our present inquiry. See Lindner, 644 F.2d at 728 (court looks to circumstances surrounding signing and entry of plea agreement to determine whether defendant willfully agreed to its terms).

Moreover, the admonition by the court that Michelsen "may appeal this sentence within ten days after the filing of the judgment in this matter," was not an inaccurate statement nor wholly inconsistent with Michelsen's waiver. Notwithstanding his waiver, Michelsen nevertheless implicitly preserved his right to appeal on grounds that his sentence was illegal or imposed in violation of the plea agreement. See Rutan, 956 F.2d at 829-30; United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), cert. denied, 117 S. Ct. 1282 (1997).[3] By informing Michelsen of the statutory right to file an appeal, the court was simply complying with its duty to do so. See Fed. R. Crim. P. 32(c)(5). In any event, the court's recitation of Michelsen's statutory right could not unilaterally revoke the earlier waiver to which Michelsen had agreed.[4]

---

[3]As we observed in Rutan, a waiver of the right to appeal one's sentence "would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." 956 F.2d at 829-30. Nor would it prevent a challenge under 28 U.S.C. § 2255 to an "illegal sentence," such as a sentence imposed in excess of the maximum penalty provided by statute or based upon a constitutionally impermissible factor such as race.

[4]The government's failure to object to the court's statement at the sentencing hearing does not affect our determination of this matter. See Melancon, 972 F.2d at 568. Although the government might well have clarified the issue by speaking up, a formal objection to the statement was not dictated by the circumstances, as our

Finally, Michelsen asserts that he is entitled to appeal because the sentence imposed by the magistrate judge differed from the sentence negotiated under the plea agreement. This argument is utterly without merit. Michelsen agreed to plead guilty and waive his appellate rights in exchange for the government's recommendation of a suspended six-month sentence. The agreement also stated that the government's recommendation would not be binding on the court. As shown above, Michelsen expressly and unequivocally acknowledged at his plea hearing that he understood as much and that the court had the authority to reject the recommendation and impose the maximum sentence.

The government honored its commitment and duly recommended that any period of incarceration be suspended. The sentence ultimately imposed, although inconsistent with the government's recommendation, did not violate the plea agreement, nor did it run counter to Michelsen's professed understanding of that agreement. See United States v. Greger, 98 F.3d 1080, 1081 (8th Cir. 1996) (holding that so long as sentence is not in conflict with negotiated plea agreement, knowing and voluntary waiver of right to appeal from sentence will be enforced); Hollis v. United States, 687 F.2d 257, 260 (8th Cir. 1982) (holding that where defendant is informed that sentencing decision rests solely in discretion of sentencing court and defendant states that he understands as much, plea will not be set aside as involuntary); Lindner, 644 F.2d at 728 (same).

---

foregoing analysis makes clear. Moreover, this is not a case in which the defendant was prejudiced by any failure of the government to clarify the court's remarks. See, e.g., United States v. Vogt, 901 F.2d 100, 102 (8th Cir. 1990) (government could not seek to vacate plea agreement after it delayed in complaining of defendant's breach for ten weeks while continuing to accept agreement's benefits by twice seeking and receiving his grand jury testimony).

**III.**

Criminal defendants are vested with many important rights, including the statutory right to appeal. We believe that defendants will be better served if they are also empowered with a legitimate opportunity to choose between exercising such rights and exchanging them for something they value more highly, such as a recommendation by the government for a lenient sentence. See Wenger, 58 F.3d at 282. A waiver of appellate rights can be of great value to an accused as a means of gaining concessions from the government, and thus plea agreements including such waivers are strongly supported by public policy. See Rutan, 956 F.2d at 829; United States v. Littlefield, 105 F.3d 527, 530 (9th Cir.), cert. denied, 117 S. Ct. 2423 (1997) (Hall, J., concurring) ("We have repeatedly noted that public policy strongly supports plea agreements that include an appeal waiver.").

In order to preserve their value, such waivers must be accorded their proper effect. See Rutan, 956 F.2d at 829; His Law, 85 F.3d at 379; Margalli-Olvera v. Immigration and Naturalization Serv., 43 F.3d 345, 355 (8th Cir. 1994); United States v. Womack, 985 F.2d 395, 400 (8th Cir. 1993). "Empty promises are worthless promises; if defendants could retract their waivers (the practical effect, if the procedural hurdles to an effective waiver were set too high) then they could not obtain concessions by promising not to appeal." Wenger, 58 F.3d at 282. The government granted Michelsen sentencing concessions in return for an assurance that it would not be required to expend valuable time and resources to preserve the finality of the judgment and sentence. To permit Michelsen to attack that bargained-for finality would be to eliminate one of the primary incentives the government has for negotiating plea agreements. The government has already been effectively deprived of much of the benefit of its bargain with Michelsen by having been required to respond to the appeal to the district court and then to this court. For us to now countenance Michelsen's change of heart would be to diminish that bargain even more. That we will not do.

The order of dismissal is affirmed.

BRIGHT, Circuit Judge, dissenting.

A defendant may waive the right to an appeal, but only if the defendant makes the waiver knowingly and voluntarily.[5] United States v. Rutan, 956 F.2d 827, 829 (8th Cir.1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir.1991); United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir.1994). In this case, the prosecution agreed to recommend a suspended sentence in exchange for Michelsen's guilty plea. The written plea agreement provided that Michelsen would waive his right to an appeal. However, the magistrate judge who heard this case expressly nullified that waiver.

According to medical reports, severe epilepsy and asthma have totally disabled Michelsen. Unable to work since 1994, Michelsen owns no assets and has incurred extensive medical liabilities. In light of his physical disability and financial inability to pay, it would seem that neither Michelsen nor the prosecution anticipated that Michelsen would actually serve time in prison, notwithstanding the magistrate judge's right to impose a prison sentence. However, Michelsen's probation officer concluded in her presentence investigation report that "the defendant . . . has no intention of

_____

[5]Several circuit courts of appeal have concluded that "a waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of waiver." United States v. Marin, 961 F.2d 493 (4th Cir. 1992); United States v. Bushert, 997 F.2d at 1347; United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992); but see United States v. Desantiago-Martinez, 38 F.3d 394, 395 (9th Cir. 1994) (holding that a Rule 11 colloquy is not a prerequisite to finding a waiver valid). There is considerable doubt that the magistrate judge engaged Michelson in a sufficient Rule 11 colloquy regarding his waiver of his right to an appeal. However, because of other circumstances arising at the later sentencing hearing, this need not be the basis for determining that Michelson retained his right to an appeal.

paying child support . . .[and] he has no money nor will he ever have money to pay this obligation," and recommended sentencing Michelsen to the maximum prison term.

Michelsen appeared pro se at his sentencing. The sentencing magistrate judge did not disclose the content of the probation officer's report and recommendation. Although Rule 32 of the Federal Rules of Criminal Procedure grants a judge discretion to disclose the report, it generally requires the judge grant a defendant and defendant's counsel the opportunity to comment on information that provides a basis for the defendant's sentence. This undisclosed information may well have influenced the magistrate judge's ultimate decision to sentence Michelsen to the maximum six-month sentence. However, Michelsen did not have an attorney at the sentencing hearing to protect his rights.

During Michelsen's sentencing, the magistrate judge recognized the defendant's physical problems and his probable inability to pay past due support payments. The magistrate judge clearly recognized the unusual circumstances in this case. After questioning the defendant, the magistrate judge retired to chambers with the probation officer. Upon returning, the magistrate judge, in passing sentence, stated:

> I have considered the recommendation of the United States Attorney's Office and have rejected their recommendation. It is clear in this case that the Defendant has made little, if any, effort to obtain funds to help pay for the support of his daughter, that there was many a time during the past years that some employment could have been obtained but because of his illness which he is suffering from -- there is no dispute. I'm not suggesting that the Defendant is - is feigning illness of any type whatsoever, but he has used that as an excuse in my opinion without obtaining some employment. There was times where there was part-time employment that could be obtained that could be used to help defray this enormous amount of child support that he has neglected and failed to pay.

> This sentence is essentially a sentence of punishment and I recognize that and I am placed in that position, I think, by both the Defendant and the Government by bringing this matter to the Court in the present posture and what it is. And accordingly, that is the sentence of the Court.

Sent. Tr. at 19-20.

Then the magistrate judge added:

> Mr. Michelsen, you're advised that you may appeal this sentence within ten days after the filing of the judgment in this matter. That will probably happen within the next day or so. When that is filed you will have ten days to appeal that sentence to one of the judges of the United States District Court.

Id. at 20.

The prosecution did not object.

In light of the magistrate judge's statements concerning the reasons for the sentence, which were contrary to the recommendation of the prosecutor, I believe the magistrate judge, by his oral direction, and the prosecutor, by failing to object, recognized that the defendant should have the right to an appeal in this unusual case.

In an analogous situation, the Ninth Circuit, in United States v. Buchanan, 59 F.3d 914, 917 (9th Cir.), cert. denied, 116 S.Ct. 430 (1995), has recognized that where a district court orally advises a defendant of his right to appeal at sentencing and the government acknowledges that right by failing to object, the defendant can appeal. That court reasoned:

> Litigants need to be able to trust the oral pronouncements of district court judges. Given the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the

-15-

prosecution's failure to object, we hold that in these circumstances, the district court's oral pronouncement controls and the plea agreement waiver is not enforceable.

Id. at 918.

The majority here states the magistrate judge's "admonition" that Michelsen might appeal his sentence amounted to an inaccurate statement and one not wholly inconsistent with the waiver. However, the magistrate judge twice clearly and precisely advised Michelsen that he could appeal.

I do not construe the magistrate judge's statements as slips of the tongue or misstatements. Given these directions to Michelsen by the magistrate judge, the government's failure to object, and the advisability of having a review of the sentence, in the circumstances of this case, I would rule that the waiver of an appeal by Michelsen has been nullified. I would reverse and direct the district court to consider Michelsen's appeal on the merits.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.