# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3480

_____

United States of America,               *

                              *

              Appellee,            *

                              *    Appeal from the United States

      v.                          *    District Court for the

                              *    Eastern District of Arkansas.

Randy Lee Vanhorn,            *    [UNPUBLISHED]

                              *

             Appellant.         *

_____

Submitted: August 19, 1999
Filed: August 24, 1999

_____

Before McMILLIAN, BRIGHT, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Randy Lee Vanhorn appeals from the sentence imposed by the district court[1] after he pleaded guilty to failing to appear for a sentencing arising out of his guilty plea to fraud offenses, in violation of 18 U.S.C. § 3146(a)(1). The district court sentenced Vanhorn to 6 months imprisonment. This appeal followed. After appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), we granted Vanhorn permission to file a pro se supplemental brief, but he has not done so. As we

_____

[1] The Honorable Elsijane Trimble Roy, United States District Judge for the Eastern District of Arkansas.

conclude Vanhorn knowingly waived his right to appeal his sentence, we dismiss this appeal.

Vanhorn's written sentencing stipulation stated "in consideration of the United States' recommendation of a sentence of six months, [Vanhorn] knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as his sentence is within the U.S.S.G. Guidelines."

A defendant may waive his right to appeal; however, the waiver "must be the result of a knowing and voluntary decision." United States v. Michelsen, 141 F.3d 867, 871 (8th Cir.), cert. denied, 119 S. Ct. 363 (1998). We conclude Vanhorn knowingly and voluntarily waived his right to bring this appeal, as at the time of his sentencing, Vanhorn was 35 years old with a high school equivalency diploma and some experience with the criminal justice system; the waiver language in the sentencing stipulation is clear; the waiver was discussed at the sentencing hearing, and the court only advised Vanhorn he could appeal his conviction, not his sentence; and Vanhorn does not maintain on appeal that his waiver was made unknowingly or involuntarily. See United States v. Petty, 80 F.3d 1384, 1387 (9th Cir. 1996); cf. Michelsen, 141 F.3d at 871-72; United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996); United States v. Rutan, 956 F.2d 827, 829-30 & n.3 (8th Cir. 1992).

Accordingly, we now specifically enforce Vanhorn's promise not to appeal by dismissing the appeal. See United States v. Williams, 160 F.3d 450, 452 (8th Cir. 1998) (per curiam).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.