# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1314

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| James P. Earl, | * | Western District of Missouri. |
| | * | |
| Appellant. | * | [UNPUBLISHED] |

_____

Submitted: February 7, 2001
Filed: February 12, 2001

_____

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

James Earl pleaded guilty to aiding and abetting the manufacture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and the district court[1] sentenced him to eighty-seven months imprisonment and four years supervised release. He challenges on appeal, as he did below, the application of an enhancement for recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, under U.S.S.G. § 3C1.2.

_____

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

As part of his plea agreement, Earl waived his right to appeal his sentence unless the district court departed upward from the Sentencing Guidelines range, imposed a sentence exceeding the statutory maximum sentence, or violated law other than the Guidelines. We conclude that Earl's waiver was knowing and voluntary.

Earl was assisted by counsel at the change-of-plea and sentencing hearings, and counsel reminded Earl of the appeal waiver when they reviewed the plea agreement at the change-of-plea hearing. See United States v. Michelsen, 141 F.3d 867, 871 (8th Cir. 1998) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision); United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996) (waiver was knowing and intelligent where it was included in plea agreement and it was discussed at change-of-plea hearing). The court's statement at the sentencing hearing that Earl could appeal his sentence doesn't invalidate Earl's appeal waiver. See Michelsen, 141 F.3d at 871-872 (citations omitted).

Because Earl's sentence was not an upward departure from the Guidelines range, did not exceed the statutory maximum sentence, and did not violate any other non-Guidelines sentencing law, we enforce his promise not to appeal by dismissing his appeal. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.