# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3866

_____

United States of America,

        Appellee,

v.

Tracy Jon White,

        Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the Western
\* District of Missouri.
\*
\* [UNPUBLISHED]
\*

_____

Submitted: June 12, 2002

Filed: September 30, 2002

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Tracy Jon White appeals his conviction and the sentence imposed by the district court[1] upon his guilty plea to knowingly possessing in and affecting interstate commerce a firearm and ammunition, which had been transported in interstate commerce, after he had been served with and made subject to a court order restraining him from harassing, stalking, and threatening an intimate partner, all in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). Mr. White's counsel has moved to withdraw

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

and filed a brief under Anders v. California, 386 U.S. 738 (1967); Mr. White has filed a pro se supplemental brief; and the parties have submitted additional briefs as directed.

Having thoroughly reviewed the record, we conclude that, in accordance with the appeal waiver in his plea agreement, Mr. White knowingly and voluntarily waived his right to appeal his conviction and sentence (with exceptions not relevant here). See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision), cert. denied, 525 U.S. 942 (1998). Mr. White argues in part that the indictment was insufficient because it failed to allege all elements of the offense. Even assuming that jurisdictional challenges were not waived by the appeal waiver, we note that insufficiency of the indictment is not a jurisdictional issue. See United States v. Cotton, 122 S. Ct. 1781, 1785 (2002). Any ineffective-assistance claim that Mr. White may not have waived is more properly presented in a proceeding under 28 U.S.C. § 2255. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Accordingly, we enforce the appeal waiver, dismiss the appeal, and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.