# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2367

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Craig Devin Miller, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: November 3, 2009
Filed: November 12, 2009

_____

Before BYE, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Craig Miller challenges the sentence the district court[1] imposed after he pled guilty to a drug crime. On appeal, his counsel has moved to withdraw and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967).

Miller's plea agreement contains an appeal waiver. We will enforce the appeal waiver in this case. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). This appeal falls within the scope of the waiver contained in Miller's plea agreement, the record shows the requisite knowledge and voluntariness, and we see nothing to suggest that a miscarriage of justice would result from enforcing the appeal waiver. *See United States v. McIntosh*, 492 F.3d 956, 960 (8th Cir. 2007) (concluding appeal waiver was knowing and voluntary when it was included in plea agreement, court questioned defendant about his understanding of waiver, and defendant did not argue on appeal that waiver was unknowing or involuntary); *United States v. Michelsen*, 141 F.3d 867, 871-72 (8th Cir. 1998) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver).

Having reviewed the record independently pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988), for any nonfrivolous issues not covered by the waiver, we find none. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____