# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1597

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Mark Roe, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: January 21, 2010
Filed: February 4, 2010

_____

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Mark Roe challenges the district court's[1] judgment entered upon his guilty plea to drug charges. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

Roe's plea agreement contains an appeal waiver, and we will enforce it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). Roe's arguments on appeal fall within the scope of the appeal waiver, the record shows the requisite knowledge and voluntariness, and we see nothing to suggest that a miscarriage of justice would result from enforcing the appeal waiver. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir. 1998) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver). Further, any ineffective-assistance claim is not properly raised in this direct appeal. See United States vs. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), for any nonfrivolous issues not covered by the waiver, we find none. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____