# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 09-1678

———————

United States of America,

        Appellee,

v.

Efren Romero Macedonio, also known
as Efren Marcado Romero, also known
as Efren Macedonio Romero,

        Appellant.

Appeal from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

———————

Submitted: March 15, 2010
Filed: March 24, 2010

———————

Before BYE, RILEY, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Efren Romero Macedonio (Macedonio) challenges the sentence imposed by the district court[1] after he pled guilty to a drug charge. His counsel filed a brief under Anders v. California, 386 U.S. 738 (1967), and moved to withdraw.

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

Macedonio pled guilty pursuant to a written plea agreement that contained a waiver of his right to appeal his sentence. We will enforce the appeal waiver here. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (deciding this court should enforce an appeal waiver and dismiss the appeal where the appeal argument falls within the scope of the waiver, both the plea agreement and the waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result). Macedonio's argument on appeal falls within the scope of the appeal waiver, the record shows the requisite knowledge and voluntariness, and we see nothing to suggest a miscarriage of justice would result from enforcing the appeal waiver. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir. 1998) (concluding an appeal waiver is enforceable so long as it resulted from a knowing and voluntary decision; examining the personal characteristics of defendant and the circumstances surrounding the plea agreement when assessing the knowledge and voluntariness of the waiver).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), for any nonfrivolous issues not covered by the waiver, we find none. We grant counsel leave to withdraw, and we dismiss this appeal.

_____