# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3250

_____

United States of America,           *

                          *

       Appellee,        *

                          *   Appeal from the United States

   v.                 *   District Court for the Eastern

                          *   District of Missouri.

Tina Christine Esquivel,      *

                          *   [UNPUBLISHED]

       Appellant.       *

_____

Submitted: April 30, 2010
Filed: May 20, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Tina Esquivel directly appeals after she was sentenced in the district court[1] upon her guilty plea to a drug charge. Counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he seeks to withdraw. In a pro se brief, Esquivel argues that her trial counsel was ineffective, and that the prosecutor engaged in misconduct.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

Esquivel entered her guilty plea pursuant to a written plea agreement containing a waiver of all appeal rights except with respect to jurisdictional and sentencing issues. Because we perceive no nonfrivolous jurisdictional or sentencing issues in this case after reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), and because we conclude that the appeal waiver is enforceable, we will enforce the appeal waiver and dismiss this appeal. <u>See</u> <u>United States v. McIntosh</u>, 492 F.3d 956, 960 (8th Cir. 2007) (appeal waiver was knowing and voluntary when it was included in plea agreement, court questioned defendant about his understanding of waiver, and defendant did not argue on appeal that waiver was unknowing or involuntary); <u>United States v. Andis</u>, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (appeal waiver is enforceable where appeal falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result from enforcing waiver); <u>United States v. Michelsen</u>, 141 F.3d 867, 871-72 (8th Cir. 1998) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver); <u>see also</u> <u>United States v. Estrada-Bahena</u>, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (in <u>Anders</u> case, enforcing appeal waiver by dismissing appeal).

Accordingly, we grant counsel's motion to withdraw, and we dismiss this appeal.[2]

_____

---

[2]We note that this dismissal is without prejudice to Esquivel's right to assert her pro se ineffective-assistance and prosecutorial-misconduct claims in post-conviction proceedings. We express no opinion regarding the merits of such claims or their viability under the plea agreement.