# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3753

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Pedro Carmona-Flores, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 2, 2010
Filed: June 11, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Pedro Carmona-Flores (Flores) challenges the sentence imposed by the district court[1] after he pleaded guilty to an immigration offense. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw.

Flores pleaded guilty pursuant to a written plea agreement that contained a waiver of his right to appeal "any aspect" of his case. We will enforce the appeal

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

waiver here.  See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (court should enforce appeal waiver and dismiss appeal where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice would result).  Flores's argument on appeal falls within the scope of the appeal waiver, the record shows the requisite knowledge and voluntariness, and we see nothing to suggest that a miscarriage of justice would result from enforcing the appeal waiver.  See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir. 1998) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision; examining personal characteristics of defendant and circumstances surrounding plea agreement when assessing knowledge and voluntariness of waiver).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), for any nonfrivolous issues not covered by the waiver, we find none. Accordingly, we grant counsel's motion to withdraw, and we dismiss the appeal.

_____