# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3046

_____

United States of America,      *

                              *

         Plaintiff - Appellee,    *      Appeal from the United States

                              *      District Court for the Eastern

v.                            *      District of Missouri.

                              *

Pierre Watson,             *      [UNPUBLISHED]

                              *

         Defendant - Appellant.    *

_____

Submitted: June 18, 2010
Filed: June 23, 2010

_____

Before MURPHY, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

After Pierre T. Watson pled guilty to one count of bank fraud in violation of 18 U.S.C. § 1344, the district court[1] sentenced him to 70 months' imprisonment (within the Sentencing Guidelines range).

Watson pled guilty under a written plea agreement that contained a waiver of his right to appeal all sentencing issues. We will enforce the appeal waiver in this case. *See United States v. Andis*, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc)

_____

[1] The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

(waiver enforced and appeal dismissed where it falls within scope of waiver, both plea agreement and waiver were entered into knowingly and voluntarily, and no miscarriage of justice results).

Watson's argument on appeal falls within the scope of the appeal waiver, and the record shows the requisite knowledge and voluntariness. *See United States v. Michelsen,* 141 F.3d 867, 871-72 (8th Cir. 1998) (appeal waiver enforced where it resulted from knowing and voluntary decision, based on examining the personal characteristics of defendant and the circumstances surrounding plea agreement). Further, enforcing the appeal waiver does not result in a miscarriage of justice. *See Andis*, 333 F.3d at 891-92 (the miscarriage-of-justice exception to enforcing an otherwise valid appeal waiver is extremely narrow and "an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver").

Under similar facts, this court held that an appeal waiver containing the same language as the one here barred a sentencing appeal. *See United States v. McIntosh*, 492 F.3d 956, 959 (8th Cir. 2007). Accordingly, we dismiss the appeal.

_____