# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1202

_____

United States of America,       *
     *
        Appellee,      *   Appeal from the United States
     *   District Court for the
    v.      *   District of Minnesota.
     *
Ramon Campos Garibay,      *      **[UNPUBLISHED]**
     *
       Appellant.      *

_____

Submitted: July 7, 2010
Filed: July 9, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Ramon Campos Garibay pleaded guilty to a drug trafficking charge, and the district court[1] sentenced him to 46 months in prison and 3 years of supervised release. On appeal, his counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising as a potential issue that the court's sentence is unreasonable.

_____

[1]The HONORABLE MICHAEL J. DAVIS, Chief Judge, United States District Court for the District of Minnesota.

The plea agreement in this case included a waiver by Garibay of all rights conferred by 18 U.S.C. § 3742 to appeal the sentence imposed on him, so long as the sentence did not exceed 87 months in prison. Based on Garibay's statements during the change-of-plea hearing, we conclude that he entered into both the plea agreement and the appeal waiver knowingly and voluntarily. Further, the appeal waiver applies, because the sentence that Garibay received was below 87 months in prison; the argument raised on appeal falls within the scope of the waiver; and we cannot see any miscarriage of justice that would result from enforcing the waiver in these circumstances, particularly when Garibay received a sentence at the bottom of the uncontested Guidelines range. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc) (discussing enforceability of appeal waiver); United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir. 1998) (same)

Finally, having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), for any nonfrivolous issues not covered by the waiver, we find none. Accordingly, we grant counsel leave to withdraw, and we dismiss this appeal.

_____