# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1511
_____

United States of America

*Plaintiff - Appellee*

v.

Kyle Thomas Soltesz

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of South Dakota - Rapid City

_____

Submitted: September 6, 2013
Filed: September 9, 2013
[Unpublished]

_____

Before WOLLMAN, GRUENDER, and BENTON, Circuit Judges.

_____

PER CURIAM.

Kyle Thomas Soltesz appeals the bottom-of-the-Guidelines-range sentence imposed on him by the district court[1] after he pled guilty to a drug charge under a

_____

[1]The Honorable Jeffrey L. Viken, Chief Judge, United States District Court for the District of South Dakota.

written plea agreement. The agreement contained a waiver of the right to appeal all nonjurisdictional issues, other than a challenge for substantive unreasonableness to any sentence that was imposed above the Guidelines range, whether by departure or variance. Citing *Anders v. California*, 386 U.S. 738 (1967), counsel has moved to withdraw, and filed a brief arguing as error the court's failure to award "credit" for time that Soltesz served in state custody while under a federal detainer, and the court's failure to rule on a motion for a departure or variance. He argues that enforcing the appeal waiver would cause a miscarriage of justice, because at the time that Soltesz signed the agreement, neither he nor the prosecution contemplated the "credit" issue, or that the court would fail to rule on an amply supported motion for a downward departure or variance. He also argues that the district court essentially reinstated Soltesz's right to appeal by informing him at the conclusion of the sentencing hearing that he could appeal his sentence. Soltesz has not filed a pro se supplemental brief.

This court will enforce the appeal waiver. The record made at the plea hearing reflects that Soltesz entered into the plea agreement and the appeal waiver knowingly and voluntarily; the appeal waiver applies, because the district court did not vary or depart above the Guidelines range in sentencing Soltesz; and no miscarriage of justice will result from enforcing the appeal waiver. *See United States v. Andis*, 333 F.3d 886, 889- 92 (8th Cir. 2003) (en banc). The court's statement at the sentencing hearing about the right to appeal did not invalidate Soltesz's knowing and voluntary waiver of appellate rights. *See United States v. Michelsen*, 141 F.3d 867, 872 (8th Cir. 1998) (any statement by court at sentencing hearing could not have affected prior decision by defendant to plead guilty and waive appellate rights). The issues regarding sentencing credit and the perceived failure of the court to rule on the sentencing motion are not bases for a miscarriage of justice exception. *Andis*, 333 F.3d at 892 (miscarriage-of-justice exception is narrow, and any sentence imposed within statutory range is not subject to appeal).

This court reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988) and found no nonfrivolous issues outside the scope of the waiver. The appeal is dismissed based on the appeal waiver, and counsel is granted leave to withdraw.

_____