# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1531

_____

United States of America,

*Plaintiff - Appellee,*

v.

Pamela Wood,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: December 8, 2014
Filed: March 30, 2015
[Unpublished]

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pamela Wood pleaded guilty to one count of theft of United States property, in violation of 18 U.S.C. § 641. The district court[1] sentenced Wood to a probation for

_____

[1]The Honorable David D. Noce, United States Magistrate Judge for the Eastern District of Missouri, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

five years and ordered her to make restitution. Wood appeals, arguing that the district court imposed an unreasonable sentence. She also challenges a condition of probation requiring her to participate in a location monitoring program for six months. Because we conclude that Wood waived her right to appeal on these grounds, we enforce the waiver and affirm the judgment.

Wood pleaded guilty pursuant to a written plea agreement that she and her attorney signed. The agreement includes a section entitled "**WAIVER OF APPEAL AND POST-CONVICTION RIGHTS**," which includes the following provision:

> In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal *all sentencing issues other than Criminal History.*

Plea Agreement, R. Doc. 35, at 6 (emphasis added).

The parties agreed to recommend a base offense level of six, a two-level increase based on amount of loss, and a two-level reduction for acceptance of responsibility, for a total offense level of six. The agreement left the determination of Wood's criminal history category to the court. The sentence imposed by the court—a five-year term of probation—was within the advisory guideline range applicable to a base offense level of six and Wood's criminal history category as found by the court.

As a general rule, a defendant may waive her rights to appeal as part of a plea agreement. *See United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003) (en banc). To enforce the waiver, we must "confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and

voluntarily." *Id.* at 889-90. Even when these requirements are met, we will not enforce a waiver when to do so would result in a "miscarriage of justice." *Id.* at 890.

Wood's appeal falls within the scope of her waiver. The district court accepted the total offense level agreed to by the parties, and the sentence was within the advisory guideline range. Wood seeks to appeal "sentencing issues other than Criminal History"—*i.e.*, the reasonableness of the five-year term of probation and the probationary condition requiring her to participate in location monitoring. Wood does not dispute that the waiver was knowing and voluntary, *see United States v. Michelsen*, 141 F.3d 867, 871-72 (8th Cir. 1998), and she does not contend that enforcement of the waiver would result in a miscarriage of justice.

The judgment of the district court is affirmed.

_____