# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 20-1551

———————————————

United States of America

*Plaintiff - Appellee*

v.

Steven Allen Lindquist

*Defendant - Appellant*

————————

Appeal from United States District Court
for the District of Minnesota

————————

Submitted: August 3, 2020
Filed: August 6, 2020
[Unpublished]

————————

Before LOKEN, BENTON, and SHEPHERD, Circuit Judges.

————————

PER CURIAM.

Steven Allen Lindquist appeals the below-Guidelines sentence the district court[1] imposed after he pled guilty to a drug offense, pursuant to a plea agreement

———————————————

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

containing an appeal waiver. Having jurisdiction under 28 U.S.C. § 1291, this court grants the government's motion and dismisses the appeal based on the appeal waiver.

Counsel has moved for leave to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), arguing that the appeal waiver is unenforceable because it was not knowing and voluntary, and that Lindquist's sentence is substantively unreasonable. In a pro se brief, Lindquist echoes these arguments, and suggests that his counsel was ineffective. The government moves to dismiss this appeal.

This court concludes that the appeal waiver is enforceable, as the record demonstrates that Lindquist entered into the plea agreement and the appeal waiver knowingly and voluntarily *See United States v. Michelsen*, 141 F.3d 867, 871-72 (8th Cir. 1998) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during plea-taking carry strong presumption of verity). The challenge to the substantive reasonableness of Lindquist's sentence falls within the scope of the waiver. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); *United States v. Andis*, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc) (discussing enforcement of appeal waivers). To the extent Lindquist intended to raise an ineffective-assistance claim, this court declines to address it on direct appeal. *See United States v. Ramirez-Hernandez*, 449 F.3d 824, 826-27 (8th Cir. 2006) (ineffective-assistance claims are usually best litigated in 28 U.S.C. § 2255 proceedings, where record can be properly developed).

This court has reviewed the record independently under *Penson v. Ohio*, 488 U.S. 75 (1988), and has found no non-frivolous issues outside the scope of the appeal waiver.

The appeal is dismissed, and counsel's motion to withdraw is granted.

_____