# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2779
_____

United States of America

*Plaintiff - Appellee*

v.

Raymond L. Pierce

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: December 28, 2021
Filed: January 3, 2022
[Unpublished]

_____

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Raymond Pierce appeals the sentence, which was within the United States Sentencing Guidelines Manual Guidelines advisory range, imposed by the district court[1] after he pled guilty to a firearm offense under a plea agreement containing an

_____

[1] The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

appeal waiver. His counsel has moved to withdraw, and has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the reasonableness of Pierce's sentence. Pierce has filed a pro se supplemental brief stating that discovery was not shown to him before he pleaded guilty, leading to an improperly enhanced sentence.

Upon careful review, we conclude the appeal waiver is valid, enforceable, and applicable to the issues raised in this appeal. *See United States v. Scott*, 627 F.3d 702, 704 (8th Cir. 2010) (reviewing de novo the validity and applicability of appeal waiver); *United States v. Andis*, 333 F.3d 886, 889–92 (8th Cir. 2003) (en banc) (enforcing appeal waiver if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and it would not result in miscarriage of justice). Pierce's challenge to the sentencing enhancements do not call into question the validity of his plea, *see United States v. Michelsen*, 141 F.3d 867, 871–72 (8th Cir. 1998) (enforcing appeal waiver resulting from knowing and voluntary decision); and while he states that discovery was not shown to him before he pled guilty, he did not move to withdraw his guilty plea in the district court, *see United States v. Umanzor*, 617 F.3d 1053, 1060 (8th Cir. 2010) (deferring claim the plea was constitutionally flawed to 28 U.S.C. § 2255 proceeding when defendant did not move to withdraw guilty plea in district court).

We have also independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the scope of the waiver. Accordingly, we dismiss this appeal based on the appeal waiver, and we grant counsel's motion to withdraw.

_____