# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-2738
_____

United States of America

*Plaintiff - Appellee*

v.

Brandon Lane McCullough

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: January 25, 2023
Filed: January 30, 2023
[Unpublished]
_____

Before LOKEN, BENTON, and ERICKSON, Circuit Judges.
_____

PER CURIAM.

Brandon McCullough appeals after he pleaded guilty to child pornography charges under a plea agreement containing an appeal waiver, and the district court[1]

_____

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

sentenced him to 360 months in prison. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), raising the validity of the plea and the statutes of conviction, the reasonableness of the sentence, and the effectiveness of counsel.

Based on McCullough's statements at the plea hearing, we conclude that he entered into both the plea agreement and the appeal waiver knowingly and voluntarily. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir. 1998) (appeal waiver is enforceable so long as it resulted from knowing and voluntary decision); see also United States v. Andis, 333 F.3d 886, 890-91 (8th Cir. 2003) (en banc) (one important way district court can ensure that plea agreement and appeal waiver are entered into knowingly and voluntarily is to question defendant about decision to enter into agreement and to waive right to appeal); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's statements made during plea hearing carry strong presumption of verity). We decline to consider McCullough's ineffective-assistance claim on direct appeal. See United States v. Hernandez, 281 F.3d 746, 749 (8th Cir. 2002) (in general, ineffective-assistance claim is not cognizable on direct appeal; such claim is properly raised in 28 U.S.C. § 2255 action).

Because we conclude that McCullough's plea was valid, his challenge to the reasonableness of his sentence is barred by the appeal waiver. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review of validity and applicability of appeal waiver); Andis, 333 F.3d at 889-92 (appeal waiver will be enforced if appeal falls within scope of waiver, defendant knowingly and voluntarily entered into plea agreement and waiver, and enforcing waiver would not result in miscarriage of justice).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal falling outside the

scope of the waiver.  Accordingly, we dismiss the appeal based on the appeal waiver, and grant counsel's motion to withdraw.

_____