# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2493

_____

United States of America

*Plaintiff - Appellee*

v.

Brian Michael Clark

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 2, 2025
Filed: January 8, 2025
[Unpublished]

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Brian Clark appeals the sentence imposed by the district court[1] after he pleaded guilty to attempted enticement of a minor pursuant to a plea agreement that includes

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

an appeal waiver. His counsel has moved to withdraw, and has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that the court procedurally erred in applying a cross-reference to U.S.S.G. § 2G2.1. Clark has filed a pro se brief, asserting that this issue is not barred by the appeal waiver, and arguing in the alternative that the waiver was neither knowing nor voluntary.

Upon careful review, we conclude that the appeal waiver is valid, enforceable, and applicable to the sentencing issue raised in this appeal. See United States v. Scott, 627 F.3d 702, 704 (8th Cir. 2010); United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). Contrary to Clark's assertion, his challenge to the sentence falls within the scope of the appeal waiver, as the waiver encompassed a misapplication of the Guidelines or the imposition of an unreasonable sentence. While Clark argues that the waiver was not entered into knowingly, the plea agreement specified that the cross-reference may apply, and he was informed of the potential penalties he faced during the plea hearing, as well as the fact that he was waiving his appellate rights. Thus, we conclude that Clark knowingly and voluntarily waived his right to appeal. See United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir. 1998); Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997). Clark also suggests the court deviated from the binding plea agreement, but the agreement stated that the estimated Guidelines calculations were not binding on the court. See United States v. DeWitt, 366 F.3d 667, 669 (8th Cir. 2004). We also observe no miscarriage of justice that would result from enforcing the waiver. See United States v. D.B., 61 F.4th 608, 613 (8th Cir. 2023).

We have also independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion to withdraw and dismiss the appeal.

_____