# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3975

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota |
| Lonny J. Street, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 16, 2001

Filed: July 27, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Lonny J. Street pleaded guilty to two counts of illegally taking bald and golden eagles in violation of 16 U.S.C. § 668, and received a felony sentence of sixteen months imprisonment.  On appeal, he contends that § 668's enhanced felony provision for a "second or subsequent conviction" does not apply to a second count charged in

a single indictment. He also claims that the district court[1] erred by imposing a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

Section 668, a single violation of which is a misdemeanor, provides that "in the case of a second or subsequent conviction . . . [a defendant] shall be fined not more than $10,000 or imprisoned not more than two years, or both: Provided further, That the commission of each taking . . . with respect to a bald or golden eagle shall constitute a separate violation of this section." 16 U.S.C. § 668(a). Street contends that the statute's enhanced penalty is triggered only when the commission of a second offense follows a prior conviction, and therefore that the district court erred in imposing a felony sentence upon Street's plea to the second count of a single indictment.

We review the district court's interpretation of the statute's enhanced penalty provision de novo, see United States v. Alaniz, 235 F.3d 386, 386-87 (8th Cir. 2000), and agree that Street's argument is foreclosed by Deal v. United States, 508 U.S. 129 (1993). In Deal, the Supreme Court addressed whether multiple convictions in a single proceeding were "second or subsequent conviction[s]" that triggered the enhanced penalty provision of 18 U.S.C. § 924(c). The Supreme Court rejected the contention that § 924(c)'s enhancement provision applied only when a second offense followed a prior conviction. Deal, 508 U.S. at 134. There is no material distinction between the relevant language of 16 U.S.C. § 668 and 18 U.S.C. § 924(c), so Deal is dispositive. We are not persuaded by Street's attempt to distinguish Deal on the grounds that his guilty pleas and convictions were entered simultaneously. See Deal, 508 U.S. at 133 n.1 ("[F]indings of guilt on several counts are necessarily arrived at successively in time.").

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

With respect to Street's second claim, the government contends that Street, in his plea agreement, waived the right to appeal the obstruction-of-justice enhancement. Street argues that he preserved the right to appeal the enhancement because it represents an upward "departure" from the sentence contemplated by the parties in the plea agreement. The relevant portion of the plea agreement, however, preserves only the right to appeal a departure from the "guideline range *established by the Court*," not the guideline range contemplated by the parties. The obstruction enhancement constitutes a part of the guideline range established by the district court, not a departure from it. Absent a claim that his plea was unknowing or involuntary, we conclude that Street waived his right to appeal the obstruction enhancement. See, e.g., United States v. Stuttley, 103 F.3d 684, 686 (8th Cir. 1996); United States v. His Law, 85 F.3d 379, 379 (8th Cir. 1996).

We affirm the judgment of conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.