# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3332

_____

United States of America,         *
         *
     Appellee,         *
         *   Appeal from the United States
    v.         *   District Court for the Western
         *   District of Missouri.
Orlando D. Wynn,         *     [UNPUBLISHED]
         *
     Appellant.         *

_____

Submitted: March 6, 2002

Filed: March 13, 2002

_____

Before HANSEN, Chief Judge, WOLLMAN, and BYE, Circuit Judges.

_____

PER CURIAM.

Orlando D. Wynn pleaded guilty to knowingly possessing a firearm transported in interstate commerce after he had been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the district court[1] sentenced him to 51 months in prison and 3 years of supervised release. The plea agreement included Wynn's promise not to appeal his sentence "on any ground other than an upward departure by the sentencing judge, a sentence in excess of the statutory maximum, or a sentence

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

in violation of law apart from the Sentencing Guidelines." On appeal, counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and has filed a brief raising the issue whether Wynn should have received a 4-level enhancement for having used the firearm in connection with another felony offense. Wynn has filed a pro se supplemental brief, in which he argues that the 4-level enhancement constituted an upward departure, that application of the enhancement violated the plea agreement, and that his trial counsel was ineffective.

We find that Wynn waived his right to appeal the enhancement, as it did not constitute an upward departure from the sentencing range or breach the plea agreement, see United States v. Street, 257 F.3d 869, 870 (8th Cir. 2001), and our review of the record satisfies us that his waiver of the right to appeal his sentence was knowing and voluntary, see United States v. Michelsen, 141 F.3d 867, 871-72 (8th Cir.), cert. denied, 525 U.S. 942 (1998). Wynn's ineffective-assistance claim is not properly presented in this proceeding. See United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998).

Moreover, following our independent review, see Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the sentence, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-