# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2795

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the District |
| v. | * | of South Dakota. |
| | * | |
| Larry Big Boy, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: February 11, 2003

Filed: February 18, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Larry Big Boy, an Indian, entered an agreement with the Government to plead guilty to abusive sexual contact in violation of 18 U.S.C. §§ 2244(a)(1), (c) and § 1153 (2000). At his plea hearing, Big Boy told the district court[*] he was hesitant to plead guilty. The district court excused the prosecutor and engaged Big Boy in a colloquy about his concerns and the plea process. At the end of the colloquy, Big Boy agreed that he did want to plead guilty that day. The prosecutor returned and the

_____

[*]The Honorable Karen E. Schreier, United States District Court for the District of South Dakota.

plea hearing continued. Big Boy in fact pleaded guilty. During the plea colloquy, Big Boy admitted the factual basis for the charge, and agreed he understood what the Government must prove at trial, the terms of the plea agreement, the maximum possible penalties, and his trial related rights. Big Boy stated he was pleading guilty voluntarily, and was not coerced. In the written plea agreement, Big Boy waived the right to appeal anything except an upward departure from the guidelines range established by the court.

Later, at sentencing, Big Boy told the district court he wanted to withdraw his guilty plea. The district court continued the sentencing hearing and informed Big Boy he must file a formal written motion to withdraw his plea. Big Boy first submitted a letter and then a formal pro se motion to withdraw his plea, indicating he felt pressured to plead guilty, asserting he was innocent because he would "never hurt or abuse any of [his] grandchildren," and questioning the adequacy of the answers in the earlier colloquy. After a hearing, the district court denied Big Boy's motion, finding he had not stated a fair and just reason to withdraw his plea, his assertion of innocence was conclusory, the motion was not filed in a timely manner, and the Government would not be prejudiced. The district court continued the sentencing hearing until the next day, heard more evidence, and sentenced Big Boy to 168 months in prison, without imposing an upward departure from the guidelines range. Big Boy now appeals, arguing he should be permitted to withdraw his guilty plea. The Government filed a motion to dismiss, claiming Big Boy waived his right to appeal.

The Government's motion is well-taken. Big Boy waived his right to appeal in the plea agreement. Waivers of the statutory right to appeal are valid and enforceable if they are knowing and voluntary. United States v. Street, 257 F.3d 869, 870 (8th Cir. 2001); United States v. Michelson, 141 F.3d 867, 871 (8th Cir. 1998). After considering the circumstances surrounding the signing and entry of the plea

agreement, we conclude Big Boy willingly agreed to its terms.  <u>See</u> <u>Michelson</u>, 141 F.3d at 871.

We thus grant the Government's motion to dismiss this appeal based on Big Boy's voluntary waiver of appellate rights.  <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-