# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2560

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Thomas Charles Goodfellow, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: April 27, 2007
Filed: May 7, 2007

_____

Before RILEY, MAGILL, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Thomas Charles Goodfellow (Goodfellow) pled guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). Designating him as a career offender, see U.S.S.G. § 4B1.1, the district court[1] sentenced Goodfellow to 151 months' imprisonment and 3 years' supervised release.

Goodfellow now argues, as he did below, that the enhancement of his sentence based on previous convictions that were neither charged in the indictment, nor proved

_____

[1]The Honorable Fernando J. Gaitan, Jr., Chief Judge, United States District Court for the Western District of Missouri.

to a jury beyond a reasonable doubt, violated the Sixth Amendment. Upon our de novo review, see United States v. Buckner, 894 F.2d 975, 978 (8th Cir. 1990) (de novo review of constitutional issues), we find this argument unavailing. See Almendarez-Torres v. United States, 523 U.S. 224, 246 (1998) (holding sentence-enhancing previous convictions need not be proved to jury); see, e.g., United States v. Perry, 437 F.3d 782, 786 (8th Cir. 2006) (rejecting Sixth Amendment challenge to district court's determination defendant had two previous controlled-substance offenses); United States v. Torres-Alvarado, 416 F.3d 808, 810 (8th Cir. 2005) (stating "we are bound by Almendarez-Torres until the Supreme Court explicitly overrules it").

We affirm the judgment of the district court.

_____