# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 06-3607/3650

_____

United States of America,        *
                                       *

        Appellant/Cross-Appellee,  *

                                       *  Appeals from the United States
      v.                           *  District Court for the
                                       *  Eastern District of Arkansas.

Derrick Lovell Parker, also known as  *
Darrell Parker,                       *

                                       *
        Appellee/Cross-Appellant.  *

_____

Submitted: September 27, 2007
Filed: January 16, 2008

_____

Before COLLOTON, ARNOLD and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Pursuant to a plea agreement, Derrick Lovell Parker pled guilty to possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c). The district court[1] sentenced Parker to 60 consecutive months' imprisonment for each violation. The Government initially appealed Parker's sentence but subsequently filed a motion to withdraw the appeal in light of *Gall v.*

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas.

*United States*, 552 U.S. ---, 128 S. Ct. 586 (2007), which was granted.  Parker cross-appeals the district court's decision to apply a career offender enhancement, arguing that the Government breached the plea agreement, and he contests the district court's failure to depart to grant him credit for time served in state custody.  We affirm.

## I.     BACKGROUND

On November 19, 2004, Little Rock, Arkansas police stopped Derrick Parker for having fictitious license tags.  Parker identified himself as "Darrell Parker" and claimed he had no identification.  Officers learned that Parker used the alias "Darrell Parker" and discovered a warrant issued for Derrick Parker's arrest.  Officers asked Parker to exit the vehicle, and a pat-down search revealed a loaded pistol hidden in his pants.  Later, during a more thorough search of Parker, officers found 8.8 grams of cocaine hydrochloride and 15.6 grams of marijuana.  A trace performed by agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives determined the gun had been stolen.

In Arkansas state court, Parker pled guilty to theft by receiving the stolen gun and was sentenced to 36 months' imprisonment.  Parker served the state sentence while under indictment for the federal charges and was paroled after completing approximately five months of his state sentence.  Parker then entered federal custody.

In federal court, Parker entered a guilty plea to two counts, possession with intent to distribute cocaine hydrochloride, 21 U.S.C. § 841(a)(1), and possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c), in exchange for the dismissal of a third count.  In the plea agreement, the parties stipulated that the base offense level would be based upon the 8.8 grams of cocaine hydrochloride and 15.6 grams of marijuana and that neither party would seek any guidelines departures beyond those specifically identified in the plea agreement or any "enhancement or reductions for role in this offense pursuant to U.S.S.G. Section 3B."

The Presentence Investigation Report ("PSR") initially identified a base offense level of 10 based upon the stipulated quantities of drugs and a two-level reduction for acceptance of responsibility under United States Sentencing Guidelines ("U.S.S.G.") § 3E1.1(a) for a total offense level of 8. With a criminal history category of III, the initial advisory sentencing guidelines range for the drug violation was 6 to 12 months. The PSR, however, then indicated that Parker had two prior drug trafficking convictions and, pursuant to U.S.S.G. § 4B1.1, determined that Parker was a career offender. As a result, the PSR calculated a total offense level of 29, a criminal history category of VI, and an advisory guidelines range of 151 to 188 months' imprisonment for the drug violation. Pursuant to the requirements of § 924(c), the PSR recommended a 60-month consecutive term for the firearm violation.

At the sentencing hearing, Parker argued that the PSR's determination of career offender status constituted an enhancement or departure prohibited by the plea agreement. The district court rejected Parker's argument and adopted the PSR's recommended advisory guidelines range of 151 to 188 months on the drug charge with a consecutive 60 months on the firearm charge. Parker also claimed that his criminal history was overstated, but the district court concluded that it would not "invalidate the career offender status just" based on overstated criminal history. The court, however, sentenced Parker "somewhat below the guideline range" on account of the fact that Parker's prior criminal offenses "in some way" did "overstate the criminal history." Parker also raised the prospect that the district court could depart under U.S.S.G. § 5G1.3 and give him credit for time served on account of his term of imprisonment in state custody, a proposition he previously raised in a written memorandum to the court. The district court did not allow Parker any credit for time served on his state conviction and did not identify § 5G1.3 as a basis for his decision to sentence Parker below the advisory guidelines range. After discussing several § 3553(a) factors, the district court sentenced Parker to 60 months for the drug charge and 60 consecutive months for the gun charge.

## II. DISCUSSION

Parker first contends that his classification as a career offender violated the terms of the plea agreement. We review the interpretation of a plea agreement de novo. *United States v. Mosley*, 505 F.3d 804, 808 (8th Cir. 2007). The plea agreement stated that the parties would not seek any departures beyond those specifically identified in the plea agreement or any "enhancement or reductions for role in this offense pursuant to U.S.S.G. Section 3B." Although his career offender status was not identified in the plea agreement, career offender status is not a "departure" but an application of § 4B1.1 of the guidelines. *See United States v. Street*, 257 F.3d 869, 870 (8th Cir. 2001) (holding that an enhancement under § 3C1.1 is part of the guidelines range, not a departure). Generally, departures occur pursuant to Chapter 5 of the Sentencing Guidelines, *see United States v. Solis-Bermudez*, 501 F.3d 882, 884 (8th Cir. 2007), and, in some cases, pursuant to § 4A1.3. Because the application of the career offender status under § 4B1.1 is neither a departure nor a § 3B enhancement, the plea agreement does not prohibit its application.

In support of his argument, Parker cites *United States v. Fowler*, 445 F.3d 1035 (8th Cir. 2006). In *Fowler*, the Government agreed to recommend a specific total offense level in the plea agreement and later advocated for a higher total offense level during the sentencing hearing. *Id.* at 1037–38. We found that the Government breached the plea agreement in that case. *Id.* at 1038. In this case, however, the parties only agreed that the base offense level would be based upon the agreed quantities of cocaine hydrochloride and marijuana. Because the parties did not stipulate to a total offense level, Parker's reliance on *Fowler* is misplaced. *See* U.S.S.G. §§ 1B1.1(b), (f) (indicating that courts should calculate a base offense level before making any adjustments under Chapter 4).

Parker also claims that the district court erroneously classified him as a career offender because it overstated his criminal history. Parker, however, does not contest

that the underlying prior criminal convictions render him a career offender under § 4B1.1. Accordingly, while this argument may be the basis for a departure under § 4A1.3 or a variance based on § 3553(a), which he in fact received, it is not a sufficient challenge to his classification as a career offender under the guidelines.

Additionally, Parker argues that the ultimate sentence of 60 months was an unreasonably high variance under § 3553(a) because his advisory guidelines range without career offender status was 6 to 12 months. Parker, however, was correctly classified as a career offender, and as a result his advisory guidelines range was 151 to 188 months. Thus, a 60-month sentence was actually a substantial reduction, not an upward variance.[2]

Finally, Parker asserts that the district court failed to depart under § 5G1.3 for credit for a period of imprisonment already served. It is unclear whether Parker requests an adjustment for an undischarged term of imprisonment under § 5G1.3(b) or a downward departure for a discharged term of imprisonment under Application Note 4 to § 5G1.3, which refers to a departure under § 5K2.23. Nevertheless, we need not decide whether Parker's imprisonment was discharged or undischarged while he was paroled because neither applies. *See United States v. Hurley*, 439 F.3d 955, 957 n.3 (8th Cir. 2006). Both an adjustment for an undischarged term of imprisonment and a departure for a discharged term of imprisonment require two identical elements. To be eligible for either, Parker must show that the term of imprisonment "resulted from another offense that is relevant conduct to the instant offense of conviction" under the provisions of U.S.S.G. § 1B1.3, and that the relevant conduct "was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense

---

[2]Additionally, Parker argues that the Government must plead and prove prior convictions in order to obtain a career offender designation because it is a fact that increases his punishment. We have repeatedly rejected this argument. *See, e.g.*, *United States v. Goodfellow*, 223 Fed. Appx. 521, 521 (8th Cir. 2007) (unpublished per curiam); *United States v. Levering*, 431 F.3d 289, 295 (8th Cir. 2005).

Conduct) or Chapter Three (Adjustments)." *See id.* at 957 (quoting § 5G1.3(b)) (internal quotation marks omitted). Even assuming that Parker's state theft by receiving conviction was relevant conduct to his federal drug offense, the theft by receiving conviction was not the basis for an increase in the offense level for Parker's drug offense. *See id.*; *United States v. Meyers*, 401 F.3d 959, 962 (8th Cir. 2005). Additionally, Parker's sentence for the firearm offense under § 924(c) runs consecutive to the guidelines sentence for his drug offense and is not a component of his guidelines calculation. *See* 18 U.S.C. § 924(c)(1)(D)(ii); U.S.S.G. § 3D1.1(b)(1). Therefore, the district court did not err in failing to grant credit or depart under § 5G1.3 or § 5K2.23.

## III. CONCLUSION

For the reasons discussed above, we affirm Parker's sentence.

_____