

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-15-2009

# USA v. Abreu-Nunez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1791

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Abreu-Nunez" (2009). *2009 Decisions*. Paper 1543.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1543

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1791

UNITED STATES OF AMERICA

v.

FRANCISCO ALBERTO ABREU NUNEZ
a/k/a ANTHONY TORRES

Francisco Alberto Abreu-Nunez,

Appellant

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-07-cr-00487-001)
District Judge: The Honorable James Knoll Gardner

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 13, 2009

Before: McKEE, SMITH, *Circuit Judges*, and STEARNS*, *District Judge*.

(Filed: April 15, 2009)

OPINION OF THE COURT

---

* Honorable Richard G. Stearns, United States District Judge for the District of Massachusetts, sitting by designation.

MCKEE, Circuit Judge,

Francisco Alberto Abreu-Nunez appeals the sentence that was imposed following his guilty plea to various firearms and immigration offenses. For the reasons that follow, we will affirm.

## I.

As we write primarily for the parties who are familiar with this case, a detailed discussion of the factual and procedural history is not necessary. Abreu-Nunez argues that under U.S.S.G. § 5G1.3(b)(1), he should have received credit for time served for his Pennsylvania conviction for carrying a firearm without a license. Section 5G1.3(b)(1) provides for a sentence reduction if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . and that was the basis for an increase in the offense level for the instant offense . . ." However, Abreu-Nunez's Pennsylvania offenses were not factored into his offense level. Accordingly, § 5G1.3(b) does not apply to his sentence. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 439 (5th Cir. 2000), *cert. denied*, 531 U.S. 1097 (2001) (holding that because prior conviction was used in calculating criminal history category only, and not offense level, § 5G1.3(b) did not apply). The presentence report that was adopted by the sentencing judge did not include the Pennsylvania conviction in the section devoted to calculating the offense level. (App. 235).

Nevertheless, Abreu-Nunez argues that the state offense increased his offense level by two because his federal offense involved more than three firearms, and one of the

2

firearms he was charged with was derived from the state conviction. Although the argument has some facial appeal, we must reject it because it is the *conduct* or *offense* which must be the basis for the offense level increase. *See*, *e.g.*, *United States v. Parker*, 512 F.3d 1037, 1040 (8th Cir. 2008) (holding that state conviction for receiving stolen gun was not basis for increase in offense level for federal drug offense, even though federal offense included possession of same gun during drug trafficking crime); *see also United States v. Cruz-Rodriguez*, 541 F.3d 19, 36 (1st Cir. 2008), *cert. denied*, 129 S.Ct. 1017 (2009) (holding that state conviction for illegal possession was not the basis for increase in offense level for federal drug offenses while in possession of the same firearm and possession of the firearm in a school zone). Thus, the fact that one of the same firearms was used in both offenses is inconsequential. A contrary holding would allow a defendant to escape the full consequences of conduct that constitutes a federal crime merely because the federal crime involved an item that was acquired in violation of state law. That is simply not what was intended under § 5G1.3(b)(1), and the district court properly rejected Abreu-Nunez's attempt to rely on § 5G1.3(b)(1).

Furthermore, the federal conviction involved charges that were unrelated to the firearms convictions. Those charges included making a false statement in the application and use of a passport, possession of an identification document with intent to defraud the United States, and making a false claim of U.S. citizenship, as well as two offenses involving firearms that were not used during the commission of the state offenses. As the sentencing judge noted, to give Abreu-Nunez credit for the time he served on the

3

Pennsylvania sentence would be to ignore his other convictions; he would serve no additional time for the unrelated federal offenses. (App. 233)

## II.

Abreu-Nunez also argues that the district court erroneously considered his Pennsylvania offenses when calculating his criminal history category. Abreu-Nunez received three criminal history points for these offenses under U.S.S.G. § 4A1.1(a). Conduct is not considered in determining criminal history under that section of the Guidelines if it is "relevant conduct" to the instant offense. Relevant conduct is defined in § 1B1.3(a)(1) as: "all acts . . . committed . . . by the defendant . . . that occurred during the course of commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." Abreu-Nunez argues that his state convictions for possession of a firearm without a license, falsification of information to authorities, and presenting false identification to authorities are relevant conduct to his federal conviction for purchasing a firearm through false statements. We disagree.

In *United States v. Hallman*, we stated that "the focus of the inquiry is on the conduct and whether that conduct is related- is it part of a common scheme or plan?" 23 F.3d 821, 826 (3d Cir. 1994), *cert. denied*, 513 U.S. 881 (1994). However, "[a] crime merely suggested by or arising out of the commission of a previous crime is not . . . related to the earlier crime in the special sense of being part of a common plan or scheme," as required by § 1B1.3. *Id.* at 826. *Hallman* explained that: "[i]n determining

4

whether there was a common scheme or plan, intent of the defendant is a crucial part of the analysis." *Id.* There, the defendant stole checks in order to later forge them and the two acts were so closely connected that they constituted a common scheme or plan. *Id.*

Here, it borders on frivolity for Abreu-Nunez to suggest that he intended to possess a gun without a license in order to purchase it through false statements, or that the latter conduct could not have occurred without the former. Similarly, Abreu-Nunez did not misrepresent his identity to authorities when he was arrested in order to purchase a gun with false information, an act which had occurred two years earlier. Abreu-Nunez's argument that his use of a false identity with state authorities was related to the federal offenses because he did so "whenever necessary to live and function in the United States without being detected as an illegal alien" is simply not sufficient under *Hallman*. (Appellant's Br. 25-26).

It would, in fact, be absurd to conclude that Abreu-Nunez possessed the firearm without a license so that he might avoid detection or responsibility for the illegal purchase of that firearm. "A defendant's subsequent acts may result in additional criminal charges . . . but that does not render the original offense relevant conduct for the later charges." *United States v. Washington*, 549 F.3d 905, 920 (3d Cir. 2008). "Simply because a defendant tries to frustrate the judicial process does not make the crime for which he was originally indicted relevant conduct for future prosecutions." *Id.*

## III.

For all of the above reasons, we will affirm the judgment of sentence.

5