

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-9-2009

# USA v. Lawrence Merrill

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3415

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Lawrence Merrill" (2009). *2009 Decisions.* Paper 1212.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1212

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3415

UNITED STATES OF AMERICA

v.

LAWRENCE MERRILL,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 07-cr-00950-001)
District Judge:  Honorable Joel A. Pisano

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

Before:  RENDELL, STAPLETON and ALARCÓN*, Circuit Judges

(Filed: June 09, 2009 )

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

On February 7, 2008, Merrill pled guilty to a charge of conspiracy to distribute

*Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for
the Ninth Circuit, sitting by designation.

heroin from August, 2003, through January, 2004. In the plea agreement the parties stipulated that Merrill sold 20.9 grams of heroin to undercover agents in several controlled buys. The Pre-Sentence Investigation Report ("PSR"), calculated his base offense level at 18, and recommended that he be sentenced as a career offender based on his 1997 state conviction for possession of heroin with intent to distribute within 1000 feet of a school, and his 2005 state conviction for possession of cocaine with intent to distribute within 1000 feet of a school. The PSR calculated Merrill's criminal history category as VI, with 13 criminal history points arising from five prior convictions, including the 1997 and 2005 convictions mentioned above. The resulting Guidelines range was 151-188 months' imprisonment.

Merrill raised several objections to the PSR, two of which the District Court sustained: first, the court determined that Merrill should not be sentenced as a career offender because the offense of conviction was committed before the 2005 state cocaine conviction, and second, the court declined to add the three points for the 2005 state cocaine conviction to Merrill's criminal history, because the underlying conduct was "related" to the federal heroin offense and therefore was not a "prior sentence." (App. 39-40.) The District Court's Guidelines calculation was much lower than that in the PSR: 37-46 months, rather than 151-188 months. The court sentenced Merrill to an above-Guidelines 60 months' imprisonment, saying that it was "not satisfied that the nature of this drug conspiracy is adequately recognized by the Court." (App. 49.)

2

The District Court did not give Merrill credit for time served on the 2005 state conviction, reasoning that they were separate prosecutions in separate jurisdictions. At sentencing, Merrill's counsel asked that the court reconsider its decision regarding credit for time served on the state conviction, arguing that it was relevant conduct to the conspiracy to which he pled guilty. The District Court said that Merrill "was not in custody in connection with the federal charges and he's therefore, under federal law, not entitled to credit for that time spent." (App. 44-45.)

Merrill makes two arguments on appeal: first, he argues that the District Court erred in refusing to grant him credit for time served for the 2005 state conviction under § 5K2.23 of the Guidelines. Second, he contends that his sentence was unreasonable. We review a district court's interpretation of the Sentencing Guidelines de novo. *United States v. McKoy*, 452 F.3d 234, 236 (3d Cir. 2006). We review the sentence itself under an abuse of discretion standard. *Gall v. United States*, 128 S. Ct. 586, 597 (2007); *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).

We will first address Merrill's argument that he should have received credit for time served for his 2005 state conviction. Section 5K2.23 of the Guidelines provides that:

> A downward departure may be appropriate if the defendant 1) has completed serving a term of imprisonment; and 2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term if Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5K2.23. Section 5G1.3(b) provides, in relevant part:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction . . . *and that was the basis for an increase in the offense level for the instant offense* under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
>> 1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>>
>> 2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

U.S.S.G. § 5G1.3(b) (emphasis added).

Merrill must show both that the term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction, and that the relevant conduct was the basis for an increase in the offense level.[1] *See United States v. Parker*, 512 F.3d 1037, 1040 (8th Cir. 2008). The District Court acknowledged, and the government does not dispute, that the state conviction was related conduct to the federal charge. Merrill, the government contends, cannot show that the 2005 state cocaine

---

[1] The government acknowledges that the District Court's analysis was flawed when it differentiated between state and federal jurisdictions in declining to grant Merrill credit for time served on the state conviction. Section 5G1.3(b) is intended to credit defendants who have already served time – often in another jurisdiction – for the same conduct or course of conduct. *See, e.g.*, *United States v. Flowers*, 13 F.3d 395, 397 (11th Cir. 1994). It is well settled that we may affirm a district court's judgment on grounds other than those considered by the district court itself. *See, e.g.*, *United States v. Perez*, 280 F.3d 318, 337 (3d Cir. 2002); *United States v. Miller*, 224 F.3d 247, 248 (3d Cir. 2000).

conviction was the basis for an increase in the offense level.

We agree. Merrill's 2005 cocaine conviction did not play a role in the District Court's calculation of an offense level of 15, which was based on the amount of heroin involved in the federal offense (a base offense level of 18) and a three-level reduction for acceptance of responsibility. Merrill cannot establish that the state conviction increased his offense level, and therefore he is not entitled to credit for time served under §§ 5G1.3(b) and 5K2.23 of the Guidelines.

Merrill also argues that the District Court abused its discretion when it sentenced him to 60 months' imprisonment, 14 months over the Guidelines range of 37-46 months. He claims that the District Court did not meaningfully consider factor (4) of section 3553(a), because the court took into account Merrill's early start at a life of crime, his multiple drug and gun convictions, and the fact that he was on probation when he committed the crime of conviction. Merrill claims that the Guidelines calculation already accounted for his offense conduct and criminal history, and that the District Court abused its discretion when it included them in its analysis.

The District Court's sentence was procedurally and substantively reasonable. A district court may consider facts that underlie the Guidelines calculation to determine a reasonable sentence under § 3553(a). *See, e.g.*, *United States v. Levinson*, 543 F.3d 190, 199-200 (3d Cir. 2008). The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence

to reflect the seriousness of the offense, adequately deter criminal conduct, protect the public, and provide correctional treatment; the kinds of sentences available, and the kinds of sentences given to similarly situated defendants. 18 U.S.C. § 3553(a).

It is clear from the record that the District Court gave meaningful consideration to these factors. The court itself recalculated the initial Guidelines range proposed in the PSR, concluding that Merrill should not be sentenced as a career offender and that his 2005 state conviction should not count toward his criminal history. At sentencing, the court said that it was not satisfied that a sentence within the range was enough to recognize the nature of Merrill's drug conspiracy. The court specifically termed this a discussion of the nature of the crime. Merrill's involvement in the conspiracy was significant, the District Court said, but he was held responsible for only the 20.9 grams of heroin that he sold in controlled buys. The Guidelines range, therefore, did not reflect the much larger amounts of heroin sold by Merrill and his co-conspirators over the life of the conspiracy. The District Court also noted Merrill's many convictions for gun and drug crimes, and observed that he had not been deterred by his earlier convictions, that the public needed to be protected, and that general deterrence would be served by an above-Guidelines sentence.

In determining the reasonableness of an above-Guidelines sentence, we must consider the extent of the variance. *Gall v. United States*, 128 S. Ct. 586, 594-95 (2007). Here, the sentence of 60 months was 14 months greater than the top of the Guidelines

range.  Merrill describes this as a "substantially severe sentence." (Appellant's Br. 17.)

The government agrees that the upward variance is substantial, but notes that we have

affirmed larger or comparable variances many times.  *See, e.g.*, *United States v. Colon*,

474 F.3d 95, 96 (3d Cir. 2007) (affirming a 93-month variance where the top of the range

was 87 months); *United States v. King*, 454 F.3d 187, 192 (3d Cir. 2006) (affirming a 35-

month variance where the top of the range was 37 months).

Merrill's sentence falls "within the broad range of possible sentences that can be

considered reasonable in light of the § 3553(a) factors." *United States v. Wise*, 515 F.3d

207, 218 (3d Cir. 2008).  The District Court properly considered the section 3553(a)

factors and did not abuse its discretion in sentencing Merrill to an above-Guidelines 60

months' imprisonment.

For the reasons set forth above, we will AFFIRM the Order of the District Court.