NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2011
Decided April 8, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2820

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 09-CR-55 |
| | |
| GERARD PORTER, | C.N. Clevert, Jr., |
| *Defendant-Appellant*. | *Chief Judge.* |

**O R D E R**

While on supervision for a state offense, Gerard Porter arranged by telephone to sell heroin to an informant working with the Drug Enforcement Administration. Agents arrested Porter when he arrived to complete the sale, and a search of his car revealed heroin and cash. Porter's girlfriend consented to a search of her apartment, where Porter stayed several nights a week. In a bedroom closet agents located a loaded handgun and ammunition, as well as a man's sweater with heroin and Porter's wallet in a pocket. State authorities revoked Porter's supervision, and he pleaded guilty in federal court to possessing heroin with intent to distribute, 21 U.S.C. § 841(a)(1), and possessing a firearm as a felon, 18 U.S.C. § 922(g)(1). The district court sentenced him to a total of 70 months' imprisonment, the bottom of his guidelines range. Porter filed a notice of appeal, but his appointed lawyer seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967), because he cannot identify a nonfrivolous issue to pursue. Porter opposes this motion, see CIR. R. 51(b), and has asked that we appoint substitute counsel. We confine our review to the

potential issues identified in counsel's facially adequate brief and in Porter's response. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel explains that he discussed with Porter whether he wants to challenge his guilty pleas. Porter promised to mail his answer to counsel but never did, though neither does Porter indicate in his Rule 51(b) response that he wants his pleas set aside. Counsel thus appropriately omits discussion about the adequacy of the plea colloquy or the voluntariness of the guilty pleas. See *United States v. Knox*, 287 F.3d 667, 671-72 (7th Cir. 2002).

Both counsel and Porter analyze whether to claim on appeal that the sentencing court overstated the offense level for the firearm charge by adding 4 levels on the understanding that Porter possessed the handgun in connection with his drug dealing. See U.S.S.G. § 2K2.1(b)(6). Porter argued that he got the gun to protect his family, not his heroin business, but the Sentencing Commission clarified in Amendment 691, through the addition of commentary, that the increase applies in prosecutions involving drug trafficking if the gun is found in close proximity to drugs. U.S.S.G. § 2K2.1, cmt. n.14(B)(ii); *United States v. Blalock*, 571 F.3d 1282, 1287-88 (D.C. Cir. 2009). The application note is authoritative, see *Stinson v. United States*, 508 U.S. 36, 38 (1994); *United States v. Krumwiede*, 599 F.3d 785, 790-91 (7th Cir. 2010); *United States v. Hill*, 563 F.3d 572, 581 (7th Cir. 2009), so it would be frivolous to argue that the application of subsection (b)(6) was in error.

Counsel also considers whether Porter might argue that his overall prison sentence is unreasonably long. But the district court evaluated Porter's arguments in mitigation and the relevant factors in 18 U.S.C. § 3553(a). Porter's prison term, which is within the properly calculated guidelines range, is presumptively reasonable. See *Rita v. United States*, 551 U.S. 338, 350-51 (2007); *United States v. Moreno-Padilla*, 602 F.3d 802, 810 (7th Cir. 2010). Counsel has not identified a basis for setting aside that presumption, nor have we. Porter could renew his contention, made at sentencing, that the district court should have shortened his sentence to account for the nearly 22 months he already served in satisfaction of the prison term assessed on revocation of his state supervision. The Sentencing Commission recommends that no reduction be given in this situation, see U.S.S.G. § 5G1.3(c), cmt. nn.3(C), 4; *United States v. DeCologero*, 530 F.3d 36, 71 (1st Cir. 2008); *United States v. Parker*, 512 F.3d 1037, 1040 (8th Cir. 2008), but, at all events, the district court acted within its discretion when it considered and rejected this argument in mitigation, see *United States v. Gibbs*, 626 F.3d 344, 350 (6th Cir. 2010). Thus, a reasonableness challenge would be frivolous.

Accordingly, we GRANT counsel's motion to withdraw. Porter's motion for appointment of substitute counsel is DENIED, and the appeal is DISMISSED.