**UNITED STATES of America**

v.

**Arthur ISHKHANIAN, Appellant.**

**No. 09–1245.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Nov. 5, 2009.

Filed Nov. 6, 2009.

Karen M. Klotz, Esq., Joseph T. Labrum, III, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Jack J. McMahon, Jr., Esq., Burton A. Rose, Esq., Philadelphia, PA, for Appellant.

Before: SCIRICA, Chief Judge,
JORDAN and COWEN, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

Arthur Ishkhanian appeals the judgment of the United States District Court for the Eastern District of Pennsylvania imposing a sentence of 360 months imprisonment following his conviction for various methamphetamine-trafficking crimes. Ishkhanian pled guilty in accordance with a written plea agreement that contained a waiver of his appellate rights. He contends that the waiver is invalid and that we should consider his appeal because the District Court deferred to the prosecutor's explanation of the waiver provision and did not independently ensure that he understood its scope and effect. For the reasons that follow, we will affirm.

## I. Factual Background

On August 1, 2007, a grand jury returned a 107–count superceding indictment against Ishkhanian and fourteen co-defendants for, among other things, conspiracy to distribute methamphetamine, as well as offenses related to the possession and distribution of methamphetamine. Four months later, on November 30, 2007, Ishkhanian pled guilty to one count of distribution and two counts of possession with the intent to distribute in violation of 21 U.S.C. § 841. He also pled guilty to one count of conspiracy in violation of 21 U.S.C. § 846. The remaining counts were dismissed at sentencing.

Ishkhanian's plea agreement contains a waiver of appellate rights that states, in pertinent part:

> [T]he defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

> \*       \*       \*

> ... [N]otwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

> (1) the defendant's sentence on any count of conviction exceeds the statutory maximum for that count ...;

(2) the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;

(3) the sentencing judge, exercising the Court's discretion pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), imposed an unreasonable sentence above the final Sentencing Guidelines ranges determined by the Court.

(App. at 23a.)

During the change-of-plea hearing, the District Court requested that the government summarize the provisions of the plea agreement. The prosecutor described the waiver in the agreement as follows:

Defendant has also agreed to waive all right to appeal or collaterally attack his conviction, sentence or any other matters relating to this prosecution, whether the right to appeal or collateral attack arises under 18 U.S.C. Section 3742, 28 U.S.C. Section 1291, 28 U.S.C. Section 2255, or any other provision of law.

(*Id.* at 34a.) The prosecutor also noted that the waiver did not bar Ishkhanian from asserting non-waivable constitutional claims. (*Id.*) The Court then conducted the following colloquy with Ishkhanian, defense counsel, and the prosecutor:

THE COURT: Mr. Labrum, you did go over his waiver of appeal rights?

PROSECUTOR: Yes, your Honor—

THE COURT: You mentioned—

PROSECUTOR:—it is set forth in Paragraph 9 of the guilty plea agreement.

THE COURT: Okay, all right. I think you did and I, therefore will not go over them again. Anything that I have overlooked?

DEFENSE COUNSEL: I don't believe so, your Honor.

PROSECUTOR: No, your Honor.

THE COURT: Do you have any questions of the Court as to what you're doing today?

THE DEFENDANT: No, sir.

(*Id.* at 39a.)

The Court ordered that a presentence investigation report be prepared, and a sentencing hearing was held approximately two years later, on January 16, 2009.[1] At sentencing, the Court found that Ishkhanian's offense level under the United States Sentencing Guidelines was 40, his criminal history category was IV, and his Guidelines range was 360 months to life. Ishkhanian sought a variance below the Guidelines range because he had cooperated with government investigators[2] and has two young children. On appeal, he also argues that a below-Guidelines sentence was necessary to avoid disparity between his sentence and those of his co-defendants. The Court rejected his request for a variance and sentenced him to a 360-month term of imprisonment on each count

---

1. The delay between the change-of-plea hearing and the sentencing hearing resulted from an unsuccessful attempt by Ishkhanian to flee from law enforcement authorities. The District Court initially granted him pre-sentencing release under the Bail Reform Act of 1984 but later revoked his bail and instructed him to self-surrender on February 4, 2008. He failed to report and was apprehended approximately four months later in Pensacola, Florida, after producing a false identification card and falsely identifying himself to United States Marshals.

2. The plea agreement recognized that Ishkhanian had assisted the government with its investigation of his co-conspirators and stated that the government could, in its discretion, request a downward departure under § 5K1.1 of the Sentencing Guidelines or a downward variance under 18 U.S.C. § 3553(e) and Rule 35 of the Federal Rules of Criminal Procedure. The government declined to move for a below-Guidelines sentence in light of Ishkhanian's flight from justice. *See supra* note 1.

to which he pled guilty, all to run concurrently. This timely appeal followed.

## II. Discussion[3]

Ishkhanian argues that the District Court's sentence of 360 months was unreasonable and therefore runs afoul of 18 U.S.C. § 3553(a). This challenge plainly falls within the scope of the appellate waiver in his plea agreement. We must begin by evaluating whether that waiver forecloses his appellate attack on his sentence.

Waivers of appellate rights serve valuable functions in the criminal justice process. *United States v. Khattak*, 273 F.3d 557, 561–62 (3d Cir.2001). They provide a basis for plea bargaining between the government and criminal defendants, who often agree to a waiver in exchange for favorable sentences. *Id.* Prosecutors rely upon waivers to bring finality to the criminal process and to conserve prosecutorial resources. *Id.* We have upheld the validity of appellate waivers, though we have stated that they "should be strictly construed." *Id.* at 562. We will give effect to a waiver only if "(1) ... the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) ... he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." *United States v. Corso*, 549 F.3d 921, 927 (3d Cir.2008).

In the present matter, Ishkhanian argues that enforcement of the waiver in his plea agreement would result in a miscarriage of justice because the District Court allegedly failed to comply with Rule 11(b)(1)(N) of the Federal Rules of Criminal Procedure. Rule 11(b)(1)(N) imposes a duty upon a district court during a change-of-plea hearing to "address the defendant

personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, ... the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence." Ishkhanian argues that the District Court in his case violated Rule 11(b)(1) when it permitted the prosecutor to summarize the terms of the appellate waiver and later asked him "whether [he] ha[d] any questions of the Court as to what [he was] doing today." (App. at 39a.) Ishkhanian contends that the Court should have conducted a separate discussion regarding the terms of the appellate waiver and independently confirmed that he understood the effect of the waiver before accepting his plea. Ishkhanian did not at any time raise the alleged Rule 11 error before the District Court.

A defendant who raises a Rule 11 violation for the first time on appeal as a means of invalidating an appellate waiver must establish that the alleged infraction constitutes plain error. *See United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (holding that a defendant who does not call a Rule 11 violation to the attention of the district court must "satisfy the plain-error rule"); *Corso*, 549 F.3d at 928 (requiring a defendant to show plain error before relying upon a Rule 11 violation to set aside a waiver of appellate rights). The defendant must show that the district court deviated from an established legal rule, that the error was clear or obvious, that the error affected the defendant's substantial rights, and that a miscarriage of justice would result unless the error is righted. *Corso*, 549 F.3d at 928–29; *United States v. Goodson*, 544

---

**3.** The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. *See United States v. Gwinnett*, 483

F.3d 200, 203 (3d Cir.2007) (holding that defendant's waiver of appellate rights does not divest court of appeals of jurisdiction to hear an appeal).

F.3d 529, 539 (3d Cir.2008). Correction of plain error rests within the discretion of the reviewing court, and the last element of the analysis requires the defendant to persuade us that the error seriously impairs the "fairness, integrity, or public reputation of judicial proceedings." *Vonn*, 535 U.S. at 63, 122 S.Ct. 1043 (*quoting United States v. Olano*, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

Ishkhanian has established the first two elements of the plain error analysis. Rule 11(b)(1)(N) requires a district court to "address the defendant personally[,] ... inform the defendant of" an appellate waiver, and "determine that the defendant understands" it. "[N]othing in the plain language of Rule 11(b)(1) permits a district court to delegate its responsibilities to 'inform' and 'determine' to the government; the Rule provides that 'the court must' do both of those things."[4] *Corso*, 549 F.3d at 929. The government concedes that the District Court's reliance upon the prosecutor to describe the appellate waiver here was inappropriate under Rule 11. Accordingly, we conclude that Ishkhanian has satisfied the first two elements of the plain error test.

The third element of the test requires Ishkhanian to show that the error affected his substantial rights. *Id.* A deviation from our Rule 11(b)(1) precedents affects the substantial rights of a defendant seeking to appeal his sentence if there is a reasonable probability that the aberration "precluded him from understanding that he had a right to appeal and that he had substantially agreed to give up that right." *Id.* (*citing Goodson*, 544 F.3d at 541). The reasonable probability burden is less onerous than the preponderance of the evidence standard, and it imposes upon the defendant the burden of producing evidence that calls into question the outcome of the proceedings. *See, e.g., Kyles v. Whitley*, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (defining reasonable probability standard in the context of violations of *United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985)); *United States v. Dominguez Beni-*

---

4. Our Rule 11 precedents impose a staunch obligation upon the district court to conduct a personal discussion with defendant about each item enumerated in the rule. In *United States v. Goodson*, the district court requested that the prosecutor summarize an appellate waiver in the defendant's plea agreement. 544 F.3d at 532. The court asked the defendant whether he understood the waiver following the prosecutor's explanation and again before the defendant entered a guilty plea. *Id.* We held that the court's inquiry fell short of the requirements of Rule 11:

> [T]he District Court relied upon the prosecutor's recitation of the terms of the appellate waiver to fulfill its obligation to inform the defendant of the specifics of the waiver provision. This was error. Although the Court did ask [the defendant] personally whether he understood that he had given up substantial appellate rights, we cannot ignore that there was no effort to verify that [the defendant] understood the breadth of the waiver·or to underscore the fact that the waiver meant that, subject to three very

narrow exceptions, [the defendant] was giving up the right to appeal both the validity of his plea and the legality of his sentence. This too was error.

*Id.* at 540. We do not understand *Goodson* and *Corso* to restrict individuals other than the district judge from discussing a defendant's appellate waiver during a change-of-plea colloquy. Input from the prosecutor and defense counsel may aid the defendant's understanding of his or her plea agreement, and it is entirely legitimate for a district court to involve others in the process of accepting a guilty plea. However, participation by counsel does not excuse the district court from independently ensuring that the defendant understands the scope and effect of the waiver. The court need not repeat every matter that counsel has covered in detail, but a careful judge will personally engage the defendant in questioning of sufficient detail—beyond a single "do you understand" inquiry—to ensure that the defendant truly does understand the nature, scope, and effect of the rights being waived.

*tez,* 542 U.S. 74, 83 & n. 9, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004) (stating that the reasonable probability standard articulated in *Kyles* provides the appropriate standard of review for violations of Rule 11); *Corso,* 549 F.3d at 930 (applying the reasonable probability standard to determine whether a district court's failure to comply with Rule 11(b)(1)(N) rendered a defendant's waiver of appellate rights invalid).

In the present case, Ishkhanian has not shown a reasonable probability that the District Court's Rule 11 error prevented him from understanding the effect and breadth of his appellate waiver. Ishkhanian has a tenth grade education and is fluent in the English language. He reviewed the entire plea agreement with his counsel prior to the guilty plea hearing, and he executed an attached acknowledgment of rights, which indicated that the agreement contained an appellate waiver. He informed the Court at the outset of the change-of-plea hearing that he understood the contents of his plea agreement. During the hearing, the prosecutor explained the waiver, which covered all rights on direct appeal and collateral attack regardless of the statutory source from which they arose. Later in the same hearing, the Court mentioned the waiver a second time, asking whether the prosecutor had covered Ishkhanian's appellate rights. The prosecutor responded in the affirmative. The Court then asked both counsel whether the Court had overlooked any essential terms of the agreement, and both responded that they were prepared for imposition of a sentence. Lastly, the Court asked Ishkhanian whether he "ha[d] any questions of the Court as to what [he was] doing today?" (App. at 39a.) Ishkhanian responded: "No, sir." (*Id.*) He did not request clarification about the waiver or any other provision of the plea agreement.

In total, Ishkhanian was informed of the waiver on at least four separate occasions: once when reviewing the plea agreement with counsel, once when executing the acknowledgment attached thereto, and twice during his change-of-plea hearing. Under these circumstances, we cannot conclude that the District Court's technically inadequate Rule 11 colloquy impaired Ishkhanian's ability to understand the effect and scope of the waiver. *See Goodson,* 544 F.3d at 541 (finding that the district court's failure to speak with defendant about an appellate waiver did not affect his substantial rights because the prosecutor explained the waiver during the change-of-plea hearing and the court confirmed that defendant understood the prosecutor's explanation). The District Court's Rule 11 misstep did not affect Ishkhanian's substantial rights, and his plain error argument fails as a result.

Assuming for the sake of argument, however, that the District Court's error did affect Ishkhanian's substantial rights, we would nonetheless affirm the judgment because Ishkhanian has failed to demonstrate that enforcement of the waiver would work a miscarriage of justice. A miscarriage of justice typically involves "unusual circumstance[s]," *Khattak,* 273 F.3d at 562, and arises from "egregious errors" of the district court, *Corso,* 549 F.3d at 931 (*quoting United States v. Young,* 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). We evaluate an alleged miscarriage of justice by looking to

> [t]he clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Khattak,* 273 F.3d at 562 (*quoting United States v. Teeter,* 257 F.3d 14, 26 (1st Cir. 2001)). In this case, the Court's failure to question Ishkhanian about the waiver was a relatively minor error. The prosecutor discussed the plea agreement's salient provisions, and the record indicates that the waiver's effect and scope were readily ascertainable to Ishkhanian through review of the agreement, discussions with counsel, and the colloquy with the Court. Under the circumstances of this case, Ishkhanian's waiver does not amount to a miscarriage of justice.

### III. Conclusion

Ishkhanian has failed to show that the District Court's oversight of one aspect of the requirements of Rule 11 affected his substantial rights or that enforcing the waiver in his plea agreement would result in a miscarriage of justice. The shortcomings he ascribes to the District Court do not constitute plain error, and he may not invoke them for the first time on appeal to invalidate the waiver of his appellate rights. We will enforce that waiver and decline to consider his challenge to the reasonableness of his sentence. Accordingly, we will affirm the judgment of the District Court.