# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1016

_____

United States of America,                 *
\*
         Appellee,            *
                      *   Appeal from the United States
   v.                 *   District Court for the
                      *   District of Minnesota.
Gabriel Angel Moreno-Gonzalez, also *
known as Gordo, also known as    *   [UNPUBLISHED]
Gregorio Sanchez Gonzalez,      *
                      *
        Appellant.         *

_____

Submitted: December 1, 2009
Filed: December 9, 2009

_____

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

_____

PER CURIAM.

Gabriel Angel Moreno-Gonzalez appeals the 120-month prison sentence the district court[1] imposed after he pleaded guilty to conspiring to distribute and to possess with intent to distribute 500 grams or more of a methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967).

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

Moreno-Gonzalez pleaded guilty pursuant to a plea agreement that contained a waiver of his right to appeal his sentence. We will enforce that appeal waiver here. The record reflects that Moreno-Gonzalez understood and voluntarily accepted the terms of the plea agreement, including the appeal waiver; the appeal falls within the scope of the waiver; and we conclude that no injustice would result from enforcing it. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc); United States v. Estrada-Bahena, 201 F.3d 1070, 1071 (8th Cir. 2000) (per curiam) (enforcing appeal waiver in Anders case); see also United States v. Ishkhanian, 2009 WL 3681978, *3-5 (3d Cir. Nov. 6, 2009) (error raised for first time on appeal is reviewed for plain error; while Federal Rule of Criminal Procedure 11(b)(1)(N) requires district court to address defendant personally regarding appeal waiver and nothing in plain language of Rule 11 allows court to delegate this responsibility to government, this error did not affect defendant's substantial rights when record showed he understood and voluntarily waived right to appeal; enforcing appeal waiver); United States v. Michelsen, 141 F.3d 867, 872 (8th Cir. 1998) (district court's statement at sentencing hearing that defendant had right to appeal does not negate appeal waiver).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues for appeal beyond the scope of the waiver. Therefore, we dismiss the appeal, and we grant counsel's motion to withdraw.

_____